THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JEFFERY HOFFNER, Defendant-Appellee.

Third District    No. 80-584

Opinion filed August 31, 1981.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal by the State of Illinois from an order of the Circuit Court of Kankakee County suppressing evidence against the defendant, Jeffery Hoffner, who had been charged by indictment with reckless homicide. Specifically, the defendant was charged with driving into a tree

at an excessive rate of speed while under the influence of intoxicating liquor and, thereby, unintentionally killing two of his passengers. The evidence suppressed was the result of a blood test which established the amount of alcohol in the defendant's blood based on chemical analysis.

The notice of appeal was filed in the circuit court on October 31, 1980. Two weeks prior to this filing, on October 17, 1980, the Supreme Court of Illinois decided *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, in which it was decided that "effective immediately" the State may institute an interlocutory appeal from a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case. However, the decision waived the requirement for cases currently in the appellate process.

Based on *Young*, the defendant moved to dismiss the appeal. The defendant's motion and the State's objection to the motion were taken with the case. Subsequently, the State caused to be filed with this court a certification which had been filed in the circuit court on July 10, 1981. The defendant's motion to strike the certification was taken with the case, and the State was allowed to respond to the defendant's motion to strike.

In its objections to the defendant's motions, the State tenders two arguments. The first is that "effective immediately" in *Young* meant the holding was to take effect when the opinion appeared in print rather than on the date of decision. Second, the State argues that the certification can be filed *"nunc pro tunc"* or after the notice of appeal was filed as long as the defendant was not prejudiced.

■■ Having determined, however, that the *Young* decision does not apply the certification requirement to State appeals of suppression orders from which the State was allowed to appeal prior to *Young*, the motions can be decided without addressing the questions raised by the State, for this is such a case. Therefore, there exists no need on the part of the State to file the certification.

Accordingly, the defendant's motion to strike the certification is allowed, but his motion to dismiss the appeal, based on *Young*, is denied.

As to the merits of this appeal, the only issue raised concerns the propriety of the suppression of the medical evidence of the amount of alcohol in the defendant's blood. The basis for the trial court's decision was a finding that the State's evidence failed to overcome the defendant's denial of having given consent to the blood tests even though the defendant's testimony denying consent would be "obviously suspect."

■■ Although we have reviewed the record, it is unnecessary to now recite the testimony of each witness. It is the trial court's function to determine the credibility of the witnesses, and a reviewing court will not overturn the trial court's findings unless they are contrary to the manifest weight of

the evidence. *People v. Carbona* (1975), 27 Ill. App. 3d 988, 327 N.E.2d 546, *cert. denied* (1976), 424 U.S. 914, 47 L. Ed. 2d 319, 96 S. Ct. 1114.

In the case at bar, the technician who drew the blood obtained a consent for the first sample, but that sample was not used for the blood alcohol test. While the technician testified he had obtained the defendant's consent prior to drawing the second sample, his prior sworn statement to the State's Attorney does not reflect that the defendant consented to the second sampling. The defendant denied giving consent. Based on this evidence, we can not conclude that the trial court's finding was against the manifest weight of the evidence.

■■ In the absence of consent from the defendant, as here determined by the trial court, the results of the blood alcohol test are inadmissible as evidence against the defendant in a prosecution of the defendant for acts alleged to have been committed by the defendant while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(c)(3)); *People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447; *People v. Weissinger* (1980), 90 Ill. App. 3d 700, 413 N.E.2d 497.) Accordingly, the suppression was proper.

■■ One final argument by the State requires comment. In its reply brief, the State labels as meritless the appellate court's conclusion in *Weissinger* that the statute was intended as a greater protection of a person's right against self-incrimination than was provided by the Constitution in light of *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826. Certainly the State of Illinois, or any other sovereign State, may provide individual protections where the Constitution of the United States does not protect the individual or may expand upon the constitutional rights already provided to individuals.

For the foregoing reasons, the order of the Circuit Court of Kankakee County is affirmed.

Affirmed.

SCOTT, P. J., and HEIPLE, J., concur.