THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
STEVEN ALLEN KEATH, Defendant-Appellee.

Fourth District    No. 16748

Opinion filed November 6, 1981.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Alan L. Sternberg, of Pratt, Larkin, Sternberg & Finegan, P. C., of Bloomington, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The prosecution appeals from the order of the trial court which suppressed evidence in the form of various controlled substances seized during the "booking procedures" at the county jail following defendant's arrest upon the authority of a valid warrant.

The initial issue concerns the jurisdiction of this court within the context of Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)) as developed in *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501.

On April 28, 1980, defendant filed a written motion to suppress evidence alleged to be in violation of his rights under the fourth amendment of the Constitution of the United States, and section 6 of article I of the Constitution of Illinois. At a hearing on October 23, 1980, the trial court ordered the evidence suppressed following his statement into the record of findings of fact and conclusions of law.

At the same time the court stated into the record that he would "not contemplate filing any written order unless the People indicate a desire to appeal. If they do, I will prepare a written order." The State's Attorney responded that he would advise the court on that day, but his response does not appear in the record, and no written order was prepared by the trial judge. The prosecution filed a notice of appeal on October 31, 1980.

On April 20, 1981, the prosecution filed, in this court, a certificate that the order of suppression substantially impaired its ability to prosecute the case. On the same date the State's Attorney filed, in the circuit court, a written order of that date memorializing the judge's oral ruling of October 23 signed by the trial judge. A notice of appeal from that order was filed on April 20. The latter appeal is docketed in this court as our No. 17140. Neither record suggests that a certificate as required in *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, was presented to the trial court before either notice of appeal was filed in the circuit court.

Supreme Court Rule 604(a)(1) states that in criminal cases the State may appeal from an order or judgment suppressing evidence. The trial court's order at issue had the effect of suppressing evidence upon the constitutional grounds of illegal search as distinguished from evidence excluded for statutory reasons, or under the rules of evidence.

■■■ We consider this record in the context of the colloquy concerning the entry of a written order by the trial court. Section 114—12(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—12(e)) provides:

> "The order or judgment granting or denying the motion shall state the findings of facts and conclusions of law upon which the order or judgment is based."

The language of the statute does not state that a written order of suppression is required. As noted, the court stated findings of facts and conclusions of law into the report of the proceedings of the hearing, and thus effectively complied with the purposes of the statutory provision.

The trial court minute in the docket stated "Motion to suppress allowed. See the common law record." There was no express direction that a written judgment order be prepared and filed. The colloquy of the court with the State's Attorney and the contents of his minute suggest that the trial judge did not deem a written order to be required unless requested for the purposes of appeal.

In *People v. Deaton* (1974), 16 Ill. App. 3d 748, 306 N.E.2d 695, and *People v. Eddington* (1978), 64 Ill. App. 3d 650, 381 N.E.2d 835, the respective courts did not have occasion to discuss the requirement of section 114—12(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—12(e)) in the context of a statement into the record of proceedings of findings of fact and conclusions of law. In the absence of such consideration, it appears to have been assumed that the statute required that a written order be prepared. It is reasonable to conclude here that the trial court was acting upon that assumption. It is unnecessary to review those opinions where a written order was expressly required in the announcement of the court.

In *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, the supreme court further examined its constitutional authority to define the scope and the procedures for interlocutory appeals in criminal cases, saying:

> "We hold, therefore, that Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case. Our intention in requiring this certification is not to formulate a standard by which courts may determine the appealability of a particular order." 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507.

■■ As we read that opinion, the rationale for requiring certification by the State's Attorney is that the procedure of certification will in itself serve to deter improvident interlocutory appeals taken as an incident of courtroom tensions and the hurly-burly of advocacy. The merits of such determination by the prosecutor are not a matter for the trial court's consideration.

The opinion in *Young* makes the requirement of certification applicable immediately, but waives certification as to "any case currently in the appellate process." The opinion was announced on October 17, 1980, the order filed in this cause was entered on October 23, 1980, and the notice of appeal was filed October 31, 1980. As a practical matter, this appeal may be said to fall between the interstices of the requirement announced and the publication of the opinion which made the required procedure generally available to the bench and bar.

In *People v. Norris* (1981), 101 Ill. App. 3d 664, 428 N.E.2d 987, this court determined that it had authority to review an interlocutory appeal where the prosecution first filed a notice of appeal and thereafter filed in the trial court the certificate required by *Young*. That opinion rejected the argument that an order suppressing evidence becomes appealable only after the certificate had been filed in the trial court.

While here the prosecutor's certificate was filed in the reviewing court after a rule to show cause, and while we agree that strict compliance with the requirement of *Young* requires filing in the trial court, we conclude that within the rationale of the latter opinion the purpose of the requirement has been satisfied. It cannot be said that this appeal has been filed upon an impetuous decision made in the course of trial conflict. The record now available shows the validity of the prosecutor's decision to appeal.

The opinion in *Young* carefully examines the policy factors supporting the need for interlocutory appeals from orders which exclude or suppress otherwise probative admissible evidence framed in part by the language:

"Refusing to allow interlocutory appeal from orders suppressing admissible evidence may seriously impair the State's ability to present its case. Society also has a broader, secondary interest in the coherent development of the law. As we noted above, without the guidance and uniformity imposed by reviewing courts, erroneous interpretations and rulings may proliferate at the trial court level. That proliferation is particularly troublesome when it is based on extrapolations from the statements or reasoning in prior appellate decisions which are interpreted to compel results in different circumstances which the prior appellate decision did not contemplate. In the absence of appeal, the reviewing court may

have no opportunity to clarify its earlier decisions. [Citation.] The denial of review in a particular case may thus affect not only the ability of the State to prosecute a particular case but also its ability to prosecute similar cases in the future." 82 Ill. 2d 234, 246-47, 412 N.E.2d 501, 507.

We find certain precedent in cases concerning rules requiring comparable certificates to be filed in the trial court. Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)) requires counsel who represent defendants upon motions to withdraw a plea of guilty, to file with the trial court a certificate showing proper consultation with the defendant prior to the hearing. Each of the several appellate divisions has held that counsel's certificate filed in the reviewing court, or as a supplement to the record, satisfied the purposes of the Rule. *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 365 N.E.2d 122; *People v. Williams* (1977), 52 Ill. App. 3d 229, 367 N.E.2d 449; *People v. Ward* (1977), 55 Ill. App. 3d 878, 371 N.E.2d 103; *People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185; and *People v. Hultz* (1977), 51 Ill. App. 3d 663, 366 N.E.2d 897.

■■ Again, Supreme Court Rule 651(c) (73 Ill. 2d R. 651(c)) requires an attorney who represents a client on post-conviction proceedings to file a certificate that he has consulted with the client and has examined the record. In *People v. Harris* (1971), 50 Ill. 2d 31, 276 N.E.2d 327, counsel failed to file the required certificate. The supreme court granted leave to file the attorney's certificate and, finding compliance with the Rule, affirmed the order. For the several reasons considered, we find that we may proceed with this appeal, and the rule to show cause is discharged.

Defendant was taken into custody by a State trooper upon the authority of an arrest warrant issued from another county. The trooper delivered defendant to the McLean County jail, and then departed. Defendant had not been handcuffed following his arrest but had been given a brief frisk-type search.

The booking procedure at the jail required a search of the person and clothing of the defendant for the purpose of preventing contraband being carried into the security area, for the safety of the officers and custodians, and for the safety of defendant. Such search was described as the normal, usual jail procedure.

Incident to the inventory of defendant's property, the booking officer examined a key case taken from defendant's pocket for the purpose of counting and recording the keys contained in the case. Upon opening the item, he observed a bulge inside of a compartment of the case and took from the compartment a wrapped opaque object. Incident to the inventory of other items, the booking officer took a closed brown paper bag from the pocket of defendant's coat. The bag was found to contain three small brown bottles, each of which contained a pill-type of

substance. From another pocket of defendant's coat, which was closed by a Velcro fastener, the officer took a cellophane bag which he suspected to contain marijuana.

It is agreed that defendant would not have been permitted to take the clothing or any of the objects into the secured area of the jail, and that all such items would be stored in baskets in the locked property room.

Following examination of the items found, defendant was indicted for the possession of cannabis and of amphetamines. He filed a motion to suppress the evidence discovered by such search and, following a hearing on that motion, the trial court entered an order suppressing the items as evidence. The prosecution appeals.

In the trial court defendant argued that since he was not considered to be immediately dangerous, and since the items inventoried were to be stored in a property locker, the search was unnecessary and therefore unreasonable, and as such an unreasonable search it violated defendant's rights under the fourth amendment. The trial court stated into the record his finding that an administrative search of the nature described is a proper exercise of the police power:

"[A]nd it began with a legitimate and permissible purpose, but that the conduct of the officer exceeded what was necessary and proper to accomplish this search, exceeded the permissible scope of an inventory, and accordingly, the Motion to Suppress is allowed."

We find that defendant's argument does not correctly state the law concerning the search of a person and of the belongings in his immediate possession when the person has been taken into custody, and we reverse and remand for further proceedings.

The argument that a search incident to custodial arrest of an individual and the belongings upon his person is unreasonable because it is unnecessary has been consistently rejected by the Supreme Court. *United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467; *Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488; *United States v. Edwards* (1974), 415 U.S. 800, 39 L. Ed. 2d 771, 94 S. Ct. 1234. See also *Bell v. Wolfish* (1979), 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861.

In *Robinson* and *Gustafson*, custodial arrests were made for traffic violations. In each, the search of the person disclosed contraband carried in the pockets of the clothing worn. In *Robinson*, the Court of Appeals had reversed the conviction upon a conclusion that the search was unnecessary to discover a weapon and that such search would not disclose evidence of the traffic offense. The Supreme Court reversed the Court of Appeals. In *Gustafson*, defendant argued that the full search of the person was unnecessary to discover a weapon and had no evidentiary purpose as

to a traffic offense, and further argued that no police regulation required either a custodial arrest or a full personal search. The Supreme Court affirmed the conviction.

In *Robinson*, the court stated:

"A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment.

\* \* \* Since it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that Jenks did not indicate any subjective fear of the respondent or that he did not himself suspect that respondent was armed. Having in the course of a lawful search come upon the crumpled package of cigarettes, he was entitled to inspect it; and when his inspection revealed the heroin capsules, he was entitled to seize them as 'fruits, instrumentalities, or contraband' probative of criminal conduct. [Citations.]" 414 U.S. 218, 235-36, 38 L. Ed. 2d 427, 440-41, 94 S. Ct. 467, 477.

In *Gustafson*, the court stated:

"We hold, therefore, that upon arresting petitioner \* \* \* and taking him into custody, Smith was entitled to make a full search of petitioner's person incident to that lawful arrest. Since it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that Smith did not indicate any subjective fear of the petitioner or that he did not himself suspect that the petitioner was armed. Having in the course of his lawful search come upon the box of cigarettes, Smith was entitled to inspect it; and when his inspection revealed the homemade cigarettes which he believed to contain an unlawful substance, he was entitled to seize them as 'fruits, instrumentalities, or contraband' probative of criminal conduct. [Citations.]" 414 U.S. 260, 266, 38 L. Ed. 2d 456, 461-62, 94 S. Ct. 488, 492.

The rationale stated by the court in *Robinson* is that it fundamentally disagreed with the suggestion:

"\* \* \* that there must be litigated in each case the issue of whether or not there was present one of the reasons supporting the authority for a search of the person incident to a lawful arrest. We do not think the long line of authorities of this Court dating back to *Weeks*, or what we can glean from the history of practice in this country and in England, requires such a case-by-case adjudication.

A police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick *ad hoc* judgment which the Fourth Amendment does not require to be broken down in each instance into an analysis of each step in the search. The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect." (414 U.S. 218, 235, 38 L. Ed. 2d 427, 440, 94 S. Ct. 467, 477.)

This rationale is reiterated in *Gustafson*, 414 U.S. 260, 265, 38 L. Ed. 2d 456, 461, 94 S. Ct. 488, 492.

In *Edwards*, defendant was lawfully arrested and booked. The next day his clothing was taken for examination and subsequently used as evidence. The Court of Appeals reversed the conviction upon the conclusion that the seizure of the clothing after the booking procedure violated defendant's fourth amendment rights. The Supreme Court reversed the Court of Appeals. It was stated:

"The prevailing rule under the Fourth Amendment that searches and seizures may not be made without a warrant is subject to various exceptions. One of them permits warrantless searches incident to custodial arrest [citations], and has traditionally been justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained. [Citation.]

It is also plain that searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention." 415 U.S. 800, 802-03, 39 L. Ed. 2d 771, 775, 94 S. Ct. 1234, 1236-37.

Citing *Abel v. United States* (1960), 362 U.S. 217, 4 L. Ed. 2d 668, 80 S. Ct. 683, as authority for holding that when the accused takes property with him to the place of detention, the same may be searched. The court stated:

"The courts of appeals have followed this same rule, holding that both the person and the property in his immediate possession may be searched at the station house after the arrest has occurred at another place and if evidence of crime is discovered, it may be seized and admitted in evidence. Nor is there any doubt that clothing or other belongings may be seized upon arrival of the accused at the place of detention and later subjected to laboratory analysis or that the test results are admissible at trial.

\* \* \* With or without probable cause, the authorities were entitled at that point not only to search Edwards' clothing but also

to take it from him and keep it in official custody. There was testimony that this was the standard practice in this city. The police were also entitled to take from Edwards any evidence * * * including his clothing." 415 U.S. 800, 803-05, 39 L. Ed. 2d 771, 775-76, 94 S. Ct. 1234, 1237-38.

■■ The Illinois courts have followed the rule considered in *Edwards, Robinson* and *Gustafson; People v. Gwin* (1971), 49 Ill. 2d 255, 274 N.E.2d 43; *People v. Kalpak* (1957), 10 Ill. 2d 411, 140 N.E.2d 726; *In re Williams* (1975), 30 Ill. App. 3d 1025, 333 N.E.2d 674.

In 2 W. LaFave, Search and Seizure §5.3, at 307 (1978), the state of the law regarding search incident to post-arrest detention is summarized:

"It is customary for the booking inventory to involve an item-by-item examination of everything in the arrestee's pockets or otherwise on his person, including looking into his wallet or into containers on the person; * * *."

As pointed out by LaFave, the search of the person and of items found on the person in clothing are to be distinguished from the contents of suitcases, brief cases, or other luggage in his possession, as in *Arkansas v. Sanders* (1979), 442 U.S. 753, 61 L. Ed. 2d 235, 99 S. Ct. 2586.

■■ The defendant has argued in support of the order of suppression from the authority of *People v. Hamilton* (1979), 74 Ill. 2d 457, 386 N.E.2d 53, and *People v. Bayles* (1980), 82 Ill. 2d 128, 411 N.E.2d 1346. Suffice to say that search in each case was not associated with searches of the person upon custodial arrest, or incident to booking for purposes of custodial detention. Those cases were concerned solely with the inventory of baggage obtained following motor accidents.

We find that the trial court erred in ordering the suppression of the evidence seized upon the search in this case. The order of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GREEN and LEWIS, JJ., concur.