THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN THOMAS NORRIS, Defendant-Appellee.

Fourth District   No. 17094

Opinion filed November 6, 1981.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

This interlocutory appeal by the State from a pretrial order suppressing evidence raises the question of: (1) our jurisdiction under the terms of Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)) and *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501; (2) the standing of defendant, John Thomas Norris, to challenge the search and seizure by which the evidence was obtained; and (3) the reasonableness of the search and seizure.

Defendant had been charged in the circuit court of Vermilion County with the offenses of unlawful possession of a controlled substance (cocaine) and cannabis. The property was seized by police officers from an automobile in which defendant was a passenger, after a search of that vehicle. The suppression order was entered in that court on January 27, 1981. We hold: (1) we have jurisdiction; (2) defendant had no standing to challenge the search; and (3) the seizure was shown, as a matter of law, to have been reasonable.

Supreme Court Rule 604(a)(1) states:

"In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because

of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (73 Ill. 2d R. 604(a)(1).)

The question of whether we have jurisdiction arises from the requirement of *Young* that in order to appeal orders of suppression, the State must file a certificate setting forth that the suppression substantially impairs the prosecution. Here, the State filed timely notice of appeal on February 5, 1981, but did not file the required certificate in the trial court until May 27, 1981.

The order in *Young*, the appealability of which was in question, was one suppressing an accident report and other statements made by the accused pursuant to certain statutory requirements (Ill. Rev. Stat. 1977, ch. 95½ par. 11—401). The opinion traced the development of the State's power to appeal, in criminal cases, orders not amounting to acquittals. Particular focus was placed upon the troubled history of the development of a workable rule for determining when pretrial orders excluding evidence come within the coverage of Rule 604(a)(1). The court recognized the intolerable situation that would result from permitting State's appeals from every order prohibiting introduction of any type of evidence. The court then stated:

"After weighing these considerations, we conclude that the State should be allowed to appeal from a pretrial suppression order which substantially impairs its ability to prosecute the case involved." 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507.

Rather than providing for the court to determine whether the suppression imposed substantial impairment upon the prosecution, the supreme court stated.

"We hold, therefore, that Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case." (82 Ill. 2d 234, 247, 412 N.E.2d 501, 507.)

The court noted that the procedure it was promulgating was very similar to that required for government appeals from orders of suppression in Federal criminal cases. 18 U.S.C. §3731 (1976).

The *Young* opinion explained how we and various other districts of the appellate court had interpreted their decision in *People v. Van De Rostyne* (1976) 63 Ill. 2d 364, 349 N.E.2d 16, to limit appeals by the State from orders excluding evidence to those grounded upon an illegal search or seizure or an involuntary confession. The opinion then overruled *Van De Rostyne* to the extent it so limited such appeals. The State maintains the opinion indicates the certification requirement is applicable only to suppression orders not appealable under the described interpretation of

*Van De Rostyne* and is not applicable to the present appeal from an order suppressing evidence because of an unlawful search or seizure. We disagree.

■■ We find nothing in *Young* indicating an intention to limit its certification requirement to orders not previously deemed appealable. Every expression of the court's holding is stated in terms indicating its applicability to all pretrial orders of suppression entered against the State. Its rationale is to limit such appeals to orders substantially impairing the prosecution. An order suppressing evidence because its procurement resulted from an illegal search or seizure does not necessarily do so. We hold the order on appeal to be subject to the certification requirement even though it was based on a determination the evidence was obtained by an illegal search and seizure. *Cf. People v. Hoffner* (1981), 99 Ill. App. 3d 516, 425 N.E.2d 738.

■■ Defendant contends an appellate court cannot acquire jurisdiction of an appeal by the State from a suppression order when, as here, the *Young* certificate was not filed in the trial court before the filing of the notice of appeal. He bases much of his argument on a theory that the trial court was divested of jurisdiction to receive the certificate after the notice of appeal was filed. Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)) requires counsel representing defendants at hearing on motions to withdraw pleas of guilty to file with the trial court a certificate showing proper consultation with the defendant prior to hearing. In *People v. Thompson* (1977), 50 Ill. App. 3d 51, 365 N.E.2d 255, and *People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185, such certificates filed with the trial court after notice of appeal had been filed were deemed to be properly before the appellate court on review. The analogy of those cases to that before us is very close. Defendant relies on cases setting forth the accepted rule that upon the filing of notice of appeal from an order, the trial court loses jurisdiction to modify, enlarge upon or set aside that order. Here, as in *Thompson* and *Chesnut*, the trial court made no change in the order on appeal but retained sufficient jurisdiction to accept the certificate of counsel. We can consider the certificate on review.

Even though the prosecutor's certificate is now properly before us, we are still faced with the question of whether filing of the certificate before filing of the notice of appeal was required to give vitality to the notice of appeal. A logical argument can be made that under *Young* a suppression order becomes appealable only when the certificate has been filed and thus the notice of appeal was from an unappealable order.

However, we reject this analysis.

As we have indicated, *Young* was based upon Federal legislation expressly providing for interlocutory appeals by the prosecution after filing of a similar certificate. In *United States v. Kleve* (8th Cir. 1972), 465

F.2d 187, the reviewing court was held to have jurisdiction to review an order suppressing government evidence even though the certificate had been filed in the district court after the filing of the notice of appeal. The court reasoned that prior filing of the certificate was not necessary to jurisdiction on appeal because of Rule 3 of the Federal Rules of Appellate Procedure which provided that the timely filing of a proper notice of appeal was the only step in perfecting an appeal required to confer jurisdiction on the reviewing court. Our Supreme Court Rule 606(a) (73 Ill. 2d R. 606(a)) contains a similar provision in regards to appeals in criminal cases. Every Federal circuit passing upon this question has ruled consistently with *Kleve*. See *Meier v. Keller* (9th Cir. 1975), 521 F.2d 548; *United States v. Fleming* (8th Cir. 1977), 566 F.2d 623; *United States v. Welsch* (10th Cir. 1971), 446 F.2d 220.

We deem it appropriate to place the procedural rule pronounced in *Young* in the same procedural context as has been given the Federal legislation upon which it was based. We hold that we have jurisdiction.

We next turn to the question of defendant's standing to challenge the search. The evidence at the hearing on the motion to suppress was undisputed that the items in issue were seized by a police officer from inside the front part of an automobile which he had stopped. They included substances appearing to be cannabis lying in the console on the front floor in plain view and under the seats and sun visors and substances in small folded packets also in the console. When the latter were opened, they appeared to contain cocaine. Defendant testified he was a passenger, had been in the vehicle only a short time, and did not know who owned the automobile.

Defendant does not dispute that he lacked standing under the fourth and fourteenth amendments to challenge the search. In *United States v. Salvucci* (1980), 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547, the automatic standing of an accused, charged with an offense based upon possession, to challenge the search for and seizure of an item he was alleged to possess (*Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725) was abolished. In *Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421, the court refused to overturn the search of an automobile in which the accused was a passenger, holding that the accused had no standing to challenge the validity of the search because he had no legitimate expectation of privacy in the interior of the automobile. In *Rawlings v. Kentucky* (1980), 448 U.S. 98, 65 L. Ed. 633, 100 S. Ct. 2556, an accused was held to have no expectation of privacy as to cannabis belonging to the accused but contained in a purse possessed and owned by another. Here, the fact that defendant was an occupant in the searched automobile gave him no reasonable expectation of privacy in the console on the floor of the vehicle or in the area under the seat or behind the sun

visor. The folding of the unsealed packets containing the substance appearing to be cocaine was likewise insufficient to give defendant the reasonable expectation of privacy which was held in *Robbins v. California* (1981), ___ U.S. ___, 69 L. Ed. 2d 744, 101 S. Ct. 2841, to exist as to the contents of a sealed package placed in the trunk of an automobile.

Defendant maintains that he does have standing under the Illinois Constitution of 1970, article I, section 6, to challenge the search. He notes that in *People v. De Filippis* (1966), 34 Ill. 2d 129, 214 N.E.2d 897, our supreme court adopted a broader rule as to automatic standing than that pronounced in *Jones*. Although that rule was abandoned in *People v. McNeil* (1972), 53 Ill. 2d 187, 290 N.E.2d 602, he maintains that the holding in *McNeil* was to keep the *Jones* rule in force in regard to claims that searches violate the Illinois Constitution of 1970. He sees no need for Illinois State courts to follow the lead of *Salvucci*.

The rationale of *Jones* was that when the offense charged was the possession of the property seized, an automatic standing to challenge the rule was necessary as otherwise the accused would have to admit an element of the offense in order to have standing to challenge the search or seizure. The rationale of *Salvucci* was that the automatic standing rule was no longer necessary because after *Simmons v. United States* (1968), 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967, incriminating testimony of an accused in support of his motion to suppress could no longer be used against the accused at trial. Both *De Filippis* and *McNeil* indicate the rationale for applying the standing rule of *Jones* to claims of State constitutional violations is also to avoid requiring the accused to incriminate himself in order to seek suppression. Thus, because of *Simmons*, discard of the automatic standing rule in regard to claims of violation of either State or Federal constitutional provisions seems most logical. Because of *Simmons*, we hold the automatic standing rule of *Jones* also to be abolished as to claims of violations of article I, section 6.

■■ As we hold defendant to have no standing to challenge the search, we need not consider whether it was reasonable.

Defendant further maintains that even if he had no standing to challenge the search of the automobile, he had standing to challenge the seizure of the items. He cites *United States v. Lisk* (7th Cir. 1975), 522 F. 2d 228, where a defendant's property interest in a bomb in the trunk of an automobile of another was sufficient to give the defendant standing to challenge the seizure of the bomb even though he had no standing to challenge the search of the vehicle. The *Lisk* court, however, rejected the challenge to the seizure, as the propriety of the search could not be questioned. The bomb in the trunk opened by the search was taken as being in plain view thus making its seizure clearly reasonable.

Here, once the search, which cannot be questioned, was made, the

various items seized were in plain view. The console on the floorboard was visible once an officer entered the car. Cannabis was visible in the console. The wrapped packets were stated to contain a white crystalline substance. Under all of the circumstances, the officer properly considered it to be cocaine. Even the cannabis behind the sun visor and under the seat was rendered in plain view by the search. We deem the seizure of these items to have been reasonable as a matter of law. Accordingly, we need not decide whether defendant had standing to challenge the seizure.

As we (1) have jurisdiction, (2) find the defendant to have had no standing to challenge the search, and (3) rule the seizure to have been reasonable as a matter of law, we reverse the order of suppression. The case is remanded to the trial court for further proceedings.

Reversed and remanded.

TRAPP, P. J., and WEBBER, J., concur.