THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MARK J. CARLTON, Defendant-Appellee.

Second District   No. 81-591

Opinion filed June 2, 1982.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

No brief filed for appellee.

JUSTICE NASH delivered the opinion of the court:

The State seeks to appeal from a pretrial order of the trial court suppressing evidence. The record on appeal and the State's brief have been filed in this court, but defendant has not responded with a brief. Although this is an appeal by the State the record does not show compliance by the trial court with Supreme Court Rule 607(a) (73 Ill. 2d R. 607(a)). Nor has the State certified that the suppression order substantially impairs its ability to prosecute the case. In these circumstances, it must first be determined whether this court may properly consider the merits of the appeal.

Defendant was charged by information with theft of certain cases of whiskey valued in excess of $150, and the public defender was initially appointed, at his request, to represent him. Thereafter, private counsel, William J. McGrath, entered his appearance on behalf of defendant and the public defender withdrew. Defendant's retained counsel filed a motion to suppress as evidence three cases of Chivas Regal whiskey seized by police officers from the trunk of an automobile in which defendant was a passenger, allegedly in violation of the constitutions of the State of Illinois and the United States. After an evidentiary hearing the trial court entered an order of suppression on July 2, 1981. The record further discloses that thereafter on July 17, the State filed its response to defendant's motion for discovery, and on July 20 the case was continued to August 3 for motions and setting.

■■ On July 30 the State filed its notice of appeal from the order suppressing evidence and served a copy thereof on defendant's counsel of record. As noted, the record on appeal and the State's brief have been filed in this court; however, no appearance of attorney or brief has been filed here on behalf of defendant.

Supreme Court Rule 607(a) provides, *inter alia*:

"* * * in cases in which the State appeals, the trial court shall determine whether the defendant is represented by counsel on appeal. If not so represented, and the court determines that the defendant is indigent and desires counsel on appeal, the court shall appoint counsel on appeal." 73 Ill. 2d R. 607(a).

The record does not disclose that Supreme Court Rule 607(a) has been complied with by the trial court. It is apparent defendant was represented by retained counsel for the purposes of the hearing of the motion to suppress; whether he has chosen not to file a responsive brief in this court or whether he is now indigent and is unable to employ counsel on appeal can only be determined in the trial court by compliance with the rule. It would be fruitless for this court to consider the merits of the *ex parte* appeal sought by the State if, in fact, defendant was indigent and desired counsel on appeal.

We conclude this matter must be remanded with directions that the requirements of Rule 607(a) be met by the trial court.

■■ In *People v. Young* (1980), 82 Ill. 2d 234, 247, the court determined that Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)) allows an interlocutory appeal by the State of a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case. (See also *People v. Phipps* (1980), 83 Ill. 2d 87, 90; *People v. Flatt* (1980), 82 Ill. 2d 250.) It has been held that the certification requirement is not limited to orders not pre-

viously deemed appealable. (*People v. Jones* (1981), 102 Ill. App. 3d 238, 241; *People v. Norris* (1981), 101 Ill. App. 3d 664, 667, *appeal denied* (1982), ___ Ill. 2d ___; *People v. Tomasello* (1981), 98 Ill. App. 3d 588, 597.) Thus, the State must certify its prosecution will be impaired whenever it seeks to appeal an order suppressing evidence.

While *Young* directs the State to file a certificate in the trial court, that has been held not to be jurisdictional and if omitted from the record may be subsequently supplied. (See *People v. Jones* (1981), 102 Ill. App. 3d 238, 242; *People v. Norris* (1981), 101 Ill. App. 3d 664.) In *People v. Lentini* (1982), 106 Ill. App. 3d 695, this court considered that an oral representation to the trial court that the prosecution would be substantially impaired by a suppression order did substantially comply with the certification requirement.

In the present case, however, the State has at no stage suggested the prosecution would be impaired by suppression of the cases of whiskey. While it would appear to have that affect, we may not supply that conclusion for the State. Absent a certificate of impairment the State may not seek review of an order suppressing evidence.

As this case must be remanded for compliance with Supreme Court Rule 607(a) we will not now dismiss the appeal; the certificate of impairment must be supplied, however, should subsequent review be sought by the State.

Accordingly, this cause is remanded to the trial court with directions that it comply with Supreme Court Rule 607(a). If defendant is not represented by counsel on appeal and is indigent and desires counsel, the same shall be appointed. In that event, defendant will be allowed 45 days in which to file a responsive brief in this court.

Remanded with directions.

UNVERZAGT and VAN DEUSEN, JJ., concur.