(No. 56964.—▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MARK J. CARLTON, Appellee.

*Opinion filed October 21, 1983.*

Neil F. Hartigan and Tyrone C. Fahner, Attorneys General, of Springfield, and J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Marshall Stevens, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Eugene A. Wojcik, Jr., Deputy Public Defender, of counsel), for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

Pursuant to Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)), the State appealed from an order of the circuit court of Du Page County suppressing evidence seized by the police from the trunk of a car in which the defendant, Mark J. Carlton, was a passenger. However, the prosecutor failed to certify that suppression of the evidence substantially impaired the State's ability to prosecute the case. The appellate court held that by virtue of our opinion in *People v. Young* (1980), 82 Ill. 2d 234, the State may not seek an interlocutory appeal of a pretrial suppression order unless it certifies to the trial court that the suppression of evidence substantially impairs its ability to prosecute the case. (106 Ill. App. 3d 780.) After the appellate court remanded for the filing of a certificate of impairment, we allowed the People's petition for leave to appeal.

The sole issue on review is whether the People must file a certificate of impairment in every interlocutory appeal of a pretrial order suppressing evidence under Rule 604(a)(1).

Article VI, section 6, of the Illinois Constitution of 1970 provides that there shall be no appeal from a judgment of acquittal after a trial on the merits in a criminal case and further states:

"The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Ill. Const. 1970, art. VI, sec. 6.

Exercising this constitutional authority, this court adopted Rule 604(a)(1), which provides for appeal by the State in criminal cases:

"(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judg-

ment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or *suppressing evidence.*" (Emphasis added.) 87 Ill. 2d R. 604(a)(1).

We are here concerned only with that part of Rule 604(a)(1) relating to the suppression of evidence. That provision of the rule has been the source of a considerable amount of litigation. The language of the rule is broad and appears on its face to grant to the State a broad right of appeal from orders precluding the admission of evidence. However, the courts of this State have not accorded a broad construction to this provision of the rule and have devised various interpretations for limiting its application. After this court's decision in *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, several appellate court decisions in this State refused to permit appeals by the State under this provision of the rule, unless the evidence had been suppressed because of an illegal search and seizure, or because of an involuntary confession. These two grounds for suppression assumed a role of importance in the application of Rule 604(a)(1) and, as discussed later, are urged by the State in this case as a reason why it is unnecessary to certify that the suppression order substantially impairs the State's ability to prosecute its case.

In *People v. Young* this court examined the history of the State's right to an interlocutory appeal under both the 1870 Constitution and the present constitution. We also discussed the various constructions of Rule 604(a)(1) and the *Van De Rostyne* holding referred to above. We noted that the State's right to appeal under the "suppressing evidence" provision of the rule is not limited to cases involving illegally seized evidence or involuntary confessions, but extends to all pretrial suppression orders which substantially impair the State's ability to prosecute a case. We stated:

"We hold, therefore, that Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression

order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case." *People v. Young* (1980), 82 Ill. 2d 234, 247.

The State argues that *People v. Young* created new areas wherein the State may appeal from suppression orders and that it is only in these new areas that the prosecutor must file the required certification. It is the State's position that in cases where the suppression orders are based on illegally seized evidence or involuntary statements, the prosecutor need not file such a certification. The State argues that since suppression orders based on these grounds were appealable by the State prior to *People v. Young*, such suppression orders are therefore exempted from the holding of that decision. In the case before us, since the suppression order was based on the fact that the evidence was illegally seized, the State contends that it was not necessary to file the certification.

Both *People v. Young* and *People v. Flatt* (1980), 82 Ill. 2d 250 (an opinion filed the same day as *People v. Young*), construed the suppression-of-evidence provisions of our Rule 604(a)(1). Both cases rejected the construction of the "suppressing evidence" clause which would permit appeals by the State only where the suppression order was based on illegally seized evidence or an involuntary confessions. While recognizing that every evidentiary ruling denying the admission of prosecution evidence is not appealable under the rule, these cases, nonetheless, rejected the arbitrary application of the rule to the two categories of evidence referred to in *Van De Rostyne*. The holding of *Young* establishes a procedural device for the application of the rule. The focus of the holding in *Young* is on the effect of the suppression order and not on the nature of the evidence suppressed. The purpose of the requirement of a certification is to establish that the effect of the suppression order impairs the State's ability to prosecute the case.

We accordingly reject the People's contention that filing

a certificate of impairment is unnecessary because the circumstances involve an illegal search or seizure, and because this category of cases was appealable prior to our holding in *People v. Young*. We hold that a certification of impairment must be filed in every case in which the People seek to appeal from a pretrial order suppressing evidence.

The People recognize that the first and fourth districts of our appellate court, as did the appellate court for the second district in this case, have held that certification is a necessary prerequisite to appeals by the State in all suppression-of-evidence cases. (*People v. Norris* (4th Dist. 1981), 101 Ill. App. 3d 664; *People v. Neziroski* (1st Dist. 1981), 102 Ill. App. 3d 720.) The People, however, rely on the holding of the appellate court in the third district in *People v. Hoffner* (1981), 99 Ill. App. 3d 516, in support of its argument that certification is not necessary in a traditional case involving illegally seized evidence or involuntary confessions. However, the third district, in *People v. Meyers* (1982), 109 Ill. App. 3d 862, in an opinion authored by the same justice who authored the opinion in *People v. Hoffner*, noted the holding of the appellate court in the fourth district in *People v. Norris* and in *People v. Jones* (1981), 102 Ill. App. 3d 238, and *People v. Keath* (1981), 101 Ill. App. 3d 652, and held that certification was necessary in an appeal from an order suppressing the statement taken from a defendant in violation of his sixth amendment rights. The court overruled *People v. Hoffner* in that respect.

In *People v. Norris* the fourth district appellate court, in construing our opinion in *Young*, stated:

"We find nothing in *Young* indicating an intention to limit its certification requirement to orders not previously deemed appealable. Every expression of the court's holding is stated in terms indicating its applicability to all pretrial orders of suppression entered against the State. Its rationale is to limit such appeals to orders substantially impairing the prosecution. An order suppressing ev-

idence because its procurement resulted from an illegal search or seizure does not necessarily do so. We hold the order on appeal to be subject to the certification requirement even though it was based on a determination the evidence was obtained by an illegal search and seizure." *People v. Norris* (1981), 101 Ill. App. 3d 664, 667.

The court in *Norris* correctly construed our holding in *Young*. As noted earlier, the focus of *Young* is on the effect of the suppression order and not on the nature of the evidence involved. Appeals are permitted and certification is required when the suppression order substantially impairs the ability to prosecute the case. The holding in *Young* did not intend to limit the certification requirement to orders which were not previously considered appealable. Its rationale was to limit interlocutory appeals to orders substantially impairing prosecution. As noted in the language of *Norris* quoted above, a suppression order based on illegal searches and seizures does not necessarily result in a substantial impairment. Therefore, even in the areas previously recognized as being appealable suppression orders, the prosecution must file the necessary certificate of impairment. We have, however, noted in *People v. Kantowski* (1983), 98 Ill. 2d 75, an opinion filed today, that the filing of a certificate is not a jurisdictional requisite and that the State may file a certificate as a supplement to the record.

This construction of our holding in *Young* will deter frivolous interlocutory appeals from orders based on illegally seized evidence or involuntary confessions. However, it will permit the State to take interlocutory appeals from all orders which substantially impair the prosecution of a case without fitting those orders into neatly compartmentalized classifications.

The appellate court in this case remanded the cause to the circuit court for the filing of a certificate of impairment. In *People v. Kantowski* we did not remand the case to the circuit court but allowed the State to file a certificate of impairment in this court as a supplement to the re-

cord. In the interest of judicial economy, and because there were apparently other issues raised but not decided in the appellate court, we judge it appropriate to remand the cause to the appellate court.

Accordingly, the judgment of the appellate court remanding the cause to the circuit court is vacated. The cause is remanded to the appellate court with directions to permit the State to file a certificate of impairment within 14 days of the receipt by the appellate court of the mandate of this court. If such certificate is not timely filed, the appellate court shall dismiss the appeal. If such certificate is timely filed, the appellate court shall consider the issues properly raised.

*Vacated and remanded,*
*with directions.*