THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
CHRISTOPHER D. KEITH, Defendant-Appellee.

Third District   No. 3—90—0110

Opinion filed December 17, 1990.

Erik I. Blanc, State's Attorney, of Pekin (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

On April 22, 1989, the defendant was arrested for driving under the influence of alcohol (DUI) and taken to the Pekin police department, where Sergeant Eddie Thomas administered a breathalyzer test. Thomas' license to administer such tests had expired April 21, 1989. Thomas renewed his license on May 2, 1989, but died later that month.

A Tazewell County grand jury indicted the defendant on May 18, 1989, for reckless homicide (Ill. Rev. Stat. 1987, ch. 38, par. 9—3(a)), DUI (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)), and driving with a blood-alcohol concentration of 0.10 or more (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(d)(3)). The defendant filed a motion *in limine* on November 6, 1989, to bar the State from introducing the breathalyzer test results at trial. Following a hearing on the *in limine* motion, the trial court issued an order granting it. "It is ordered that the People are barred from introducing into evidence at trial breathalyzer test results performed by Sgt. Eddie Thomas, an uncertified breathalyzer operator who is now deceased."

The State filed a motion for reconsideration and clarification. The court denied the motion to reconsider but clarified its previous order. The State then filed a certification of substantial impairment with the

trial court, pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)), and a timely notice of appeal.

■ Defendant contends this court should dismiss the State's appeal, because the order granting the motion *in limine* involved an evidentiary matter, not the suppression of evidence. Supreme Court Rule 604(a)(1) permits the State to appeal from an order the substantive effect of which results in, among other things, suppressing evidence. The trial court stated the following, in the clarification of its order granting the *in limine* motion:

> "So that the record is clear *** that the Motion In Limine does by my ruling exclude that evidence. And you could have filed a motion to suppress without question.
>
> And the fact that you didn't and the fact that this evidence is suppressed doesn't depend on the label attached to the motion.
>
> * * *
>
> But I do think that the Motion to Suppress is the more proper of the, or is at least as proper a characterization of the effect of the motion, is [*sic*] a Motion in Limine as it excludes the evidence."

The State's appeal will not be dismissed. The substantive effect of the court's order, not the label of the motion, controls appealability under Rule 604(a) (*People v. Phipps* (1980), 83 Ill. 2d 87, 90-91, 413 N.E.2d 1277, 1278; *People v. Duensing* (1985), 138 Ill. App. 3d 587, 590, 486 N.E.2d 938, 940), although *in limine* motions usually involve evidentiary matters. *People v. Flatt* (1980), 82 Ill. 2d 250, 266, 412 N.E.2d 509, 517.

■ The Illinois Supreme Court in *People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507, held "Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case." Three years later, in *People v. Carlton* (1983), 98 Ill. 2d 187, 455 N.E.2d 1385, the supreme court held a certification of impairment must be filed in every case in which the State seeks to appeal from a pretrial order suppressing evidence. (*Carlton*, 98 Ill. 2d at 192, 455 N.E.2d at 1387.) In commenting on its decision in *Young*, the *Carlton* court stated "the focus of *Young* is on the effect of the suppression order and not on the nature of the evidence involved." *Carlton*, 98 Ill. 2d at 193, 455 N.E.2d at 1388.

The Second District Appellate Court interpreted *Carlton* as holding "the State has the authority under Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)) to take an interlocutory appeal before the

trial has begun (*People v. Dorsey* (1984), 129 Ill. App. 3d 128, 472 N.E.2d 101) of an order denying admissibility of any evidence, without regard to its nature." (*People v. Hatfield* (1987), 161 Ill. App. 3d 401, 406, 514 N.E.2d 572, 575.) The court concluded "any evidence" included evidence allegedly inadmissible under the rules of evidence, such as hearsay or evidence lacking materiality or relevance. (*Hatfield*, 161 Ill. App. 3d at 406, 514 N.E.2d at 575.) Thus, the distinction between suppression of evidence and exclusion of evidence is no longer relevant in cases involving pretrial motions and rulings, where the substantive effect of the trial court's order is to suppress evidence.

■ The defendant's pretrial motion *in limine* in this case sought to suppress the results of the breathalyzer test administered by Thomas. The trial court's statements during the clarification of its order granting the motion clearly indicate it treated the motion *in limine* as a motion to suppress evidence, though the court unfortunately used the term "exclude" when it stated, "[It] is clear *** that the Motion In Limine does by my ruling exclude that evidence." Because the court's ruling suppresses the breathalyzer evidence, *People v. McCollins* (1984), 126 Ill. App. 3d 1083, 468 N.E.2d 196, relied on by the defendant, is inapplicable.

We now turn to the first issue raised by the State, whether *substantial* compliance with Department of Public Health regulations for administering a breathalyzer test is sufficient to allow results of the test to be admitted into evidence at trial. This is a question of first impression.

■ The Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 *et seq.*) sets forth various requirements for alcohol testing, stating, in pertinent part:

"(a) Upon the trial of any civil or criminal action or proceeding arising out of an arrest for an offense as defined in Section 11—501 *** evidence of the concentration of alcohol, other drug or combination thereof in a person's blood or breath at the time alleged, as determined by analysis of the person's blood, urine, breath or other bodily substance, shall be admissible. Where such test is made the following provisions shall apply:

1. Chemical analyses of the person's blood, urine, breath or other bodily substance to be considered valid under the provisions of this Section shall have been performed according to standards promulgated by the Department of Public Health in consultation with the Department of State Police by an individ-

ual possessing a valid permit issued by that Department for this purpose. The Director of the Department of Public Health in consultation with the Department of State Police is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, to issue permits which shall be subject to termination or revocation at the discretion of that Department and to certify the accuracy of breath testing equipment. The Illinois Department of Public Health shall prescribe regulations as necessary to implement this Section." Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2(a)(1).

The State contends *People v. Murphy* (1985), 108 Ill. 2d 228, 483 N.E.2d 1288, is applicable to this case and permits admission of the breathalyzer test results even though Thomas was not licensed when he administered the test to the defendant. The defendant in *Murphy* was charged with reckless homicide. He filed a motion *in limine* to preclude admission of blood-analysis test results. The blood test was performed by a medical technician at a hospital. Neither the medical technician nor the hospital's laboratory was licensed by the Department of Public Health to perform blood tests pursuant to section 11—501.2 of the Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2). The trial court granted the motion.

The supreme court concluded the statute made the Department of Public Health license requirements applicable only to DUI cases (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2). "We hold that the [Department of Public Health] Standards are applicable only to the offense of driving while under the influence, and that the test results should have been received in evidence under the usual standards governing the admission of evidence." (*Murphy*, 108 Ill. 2d at 236, 483 N.E.2d at 1291.) The court concluded the certification requirements were not "a *sine qua non* of admissibility." (*Murphy*, 108 Ill. 2d at 234, 483 N.E.2d at 1290.) Instead, the requirements function to protect the accused by insuring the test results are reliable and, in situations such as *Murphy*, ordinary standards of admissibility are applicable. *Murphy*, 108 Ill. 2d at 234, 483 N.E.2d at 1290.

The State in this case argues the *Murphy* decision should be extended to apply to breath tests, particularly because section 11—501.2 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2) includes breath tests. We do not believe the *Murphy* decision should be extended. We need not reach this question, however, because the State cannot meet the foundation requirements for admission of the breathalyzer test results set forth in *People v. Orth* (1988), 124 Ill. 2d 326,

530 N.E.2d 210.

■■ The issue in *Orth* was whether a driver whose license was summarily suspended pursuant to section 2—118.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) had the burden of proving the suspension should be rescinded. The Illinois Supreme Court held a motorist in such a case bears the burden of making a *prima facie* case for rescission by showing the breathalyzer test results were unreliable. If the motorist meets this burden of proof:

> "[T]he State can only avoid rescission by moving for the admission of the test into evidence and laying the required foundation. Such a foundation will include: (1) evidence that the tests were performed according to the uniform standard adopted by the Illinois Department of Public Health, (2) evidence that the operator administering the tests was certified by the Department of Public Health, (3) evidence that the machine used was a model approved by the Department of Health, was tested regularly for accuracy, and was working properly, (4) evidence that the motorist was observed for the requisite 20 minutes prior to the test and, during this period, the motorist did not smoke, regurgitate, or drink, and (5) evidence that the results appearing on the 'printout' sheet can be identified as the tests given to the motorist." *Orth*, 124 Ill. 2d at 340, 530 N.E.2d at 216-17.

The Second District Appellate Court adopted the *Orth* foundation requirements in *People v. Clark* (1989), 178 Ill. App. 3d 848, 533 N.E.2d 974. There the defendant was convicted for driving while his license was suspended (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a)) and DUI with a blood-alcohol concentration of 0.10 or more (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)). The defendant claimed the trial court abused its discretion when it allowed breathalyzer test results in evidence, because the proper foundation was lacking. At trial, defendant objected on the basis there was no showing the test was performed according to the Department of Public Health's approved procedure and based on the manufacturer's recommendations.

Officer McCarthy, who administered the test, testified a checklist must be followed when giving the test. He said the State sets standards for training personnel to operate the machines. McCarthy was licensed to administer breathalyzer tests. The appellate court concluded the evidence was sufficient to show the test was administered in accord with Department of Public Health standards. The *Clark* court stated:

> "[W]here *** there is competent testimony or other evidence

indicating that the steps in the Department's standards were followed and there is no evidence to the contrary, it is unnecessary to show the provenance of the checklist that the officer may have used. Indeed, there is nothing in the standards to indicate that a 'checklist' is even necessary so long as the correct *procedure* was followed." (Emphasis in original.) (*Clark*, 178 Ill. App. 3d at 856, 533 N.E.2d at 980.)

The court emphasized the Department of Public Health's standards were met, specifically noting McCarthy was certified to operate the machine.

The Second District Appellate Court refined its interpretation of *Orth* in *People v. Caruso* (1990), 201 Ill. App. 3d 930, 559 N.E.2d 545. The defendant was convicted of driving with a blood-alcohol concentration of 0.10 or more. One issue he raised on appeal was whether the State laid a proper foundation for admission of the breath-test result. Evidence indicated the officer who administered the test was certified by the Department of Public Health, as was the machine used to perform the test. The officer testified he followed a checklist in compliance with Department of Public Health standards.

The *Caruso* court stated:

"We believe *Orth* sets out all the elements required to lay a proper foundation, and we do not find that *Orth* requires proof of all the regulations on breath testing in the Administrative Code. In stating what was required to lay a proper foundation, *Orth* could have, if that was the court's intent, specifically required proof of all the regulations set out in the Administrative Code; however, it did not. Instead, *Orth* listed five factors. As we shall explain, proof of these five factors does not require proof of all the regulations regarding breath testing." *Caruso*, 201 Ill. App. 3d at 939, 559 N.E.2d at 551.

Among the factors the court discussed was the license requirement for the breathalyzer operator. The court concluded the State was not required to prove all the Department of Public Health's regulations involving licensing, found in section 510.70 of the Administrative Code (77 Ill. Adm. Code §510.70 (1985)). "Proof of certification, unless there is evidence to show that the certification is not valid, is sufficient. *** The officer's testimony is sufficient proof of his certification." *Caruso*, 201 Ill. App. 3d at 940-41, 559 N.E.2d at 552.

We conclude the Second District Appellate Court properly applied the foundation requirements of *Orth* to cases not involving rescission of the summary suspension of a driver's license. The standards developed by the Department of Public Health are the only

standards available for the trial court to use in determining whether to admit breathalyzer test results. Thus, it is proper to require the State to show the standards were met, by laying the foundation set forth in *Orth*, before admitting the test results. One component of the Department's standards requires the officer administering the test be licensed to perform it. The State can make this showing by introducing the officer's license into evidence or, as in *Caruso*, the officer can testify he was licensed on the day he administered the test.

The State in this case cannot lay the proper foundation for admitting the defendant's breathalyzer test into evidence, because Officer Thomas was not licensed on the day he administered the test. The trial court did not abuse its discretion in granting the defendant's motion *in limine*.

The second issue the State raises is whether Officer Thomas' death should bar admission of the breathalyzer test results. The trial court concluded the test results were hearsay, inadmissible under the business records and unavailability-of-the-witness exceptions to the hearsay rule. On appeal, the State argues the test results were not hearsay.

We need not reach this issue given our resolution of the previous issue. Even were we to address the issue, the State would lose. The breathalyzer test results cannot be admitted because the State cannot lay the proper foundation. Thomas was not licensed when he administered the test to the defendant. His subsequent death does not alter this fact. Irrespective of whether the test results are hearsay, they are inadmissible in this case.

We also decline to take judicial notice of the accuracy and reliability of the breathalyzer machine as urged by the State. The problem in this case was not the machine but Thomas' lack of certification to administer the test.

The circuit court of Tazewell County is affirmed.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.