THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL L. THOMPSON, Defendant-Appellee.

Fifth District   No. 5—89—0764

Opinion filed May 31, 1991.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendant Michael L. Thompson was charged by information on August 14, 1989, with the offense of attempted burglary. On November 9, 1989, a pretrial hearing was held on the State's motion to allow defendant's juvenile records into evidence. The State contended that the juvenile records were admissible to impeach defendant in the event he chose to testify and to establish *modus operandi*. The trial court concluded that section 1—10 of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1989, ch. 37, par. 801—10) prevented the admission of the records into evidence under either theory.

The State appeals pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)). Defendant contends that we lack jurisdiction under Supreme Court Rule 604(a)(1) to review the trial court's decision. He asserts that the trial court's order preventing the use of the juvenile records for impeachment purposes in no way impairs the State's ability to prosecute the case. Defendant also asserts that the trial court's exclusion of the juvenile records for *modus operandi* purposes is not a proper subject for appeal under Rule 604(a)(1) because the trial court's order was based on "the relevance of the evidence excluded." Defendant also argues that the trial court's ruling was proper. We shall address defendant's jurisdictional arguments first.

Supreme Court Rule 604(a)(1) provides:

"Rule 604. Appeals from Certain Judgments and Orders

(a) Appeals by the State.

(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." 134 Ill. 2d R. 604(a)(1).

Our supreme court has interpreted this provision to allow the State to appeal from a pretrial suppression order

"whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case." *People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501, 512.

██ Defendant's first contention is that the use of defendant's juvenile records at trial would be contingent upon defendant testifying and, therefore, the suppression of the records for impeachment purposes cannot affect the State's ability to prosecute its case. We agree and therefore conclude that we do not have jurisdiction to consider the trial court's order excluding the juvenile records for impeachment purposes.

We are mindful that our supreme court in *Young* stated that courts should "rely solely upon the good-faith evaluation by the prosecutor of the impact of the suppression order on his case." (*Young*, 82 Ill. 2d at 247, 412 N.E.2d at 512.) However, we do not feel that we are bound to exercise jurisdiction over a cause when, as in this case, it is obvious that the trial court's order has no impact on the State's ability to prosecute the case.

We note that the prosecutor's certificate of impairment did not specifically say that the exclusion of the evidence substantially impaired his ability to prosecute the case, and we can appreciate the lack of such an inclusion on the impeachment issue. However, a more substantial statement by the State's Attorney would have been appropriate on the *modus operandi* issue, at least for purposes of establishing the State's ability to prosecute this appeal. We do not decline jurisdiction of the *modus operandi* issue on the basis of any failure in the State's certificate. We merely point this out for purposes of future appeals.

Defendant next contends that we lack jurisdiction to consider the propriety of the trial court's order preventing the State from introducing his juvenile records into evidence to establish *modus operandi* because it relates to the relevance of the evidence excluded. We disagree.

██ █ When considering the propriety of an appeal brought under Rule 604(a)(1), the focus is on the effect of the suppression order and not on the nature of the evidence involved. (*People v. Carlton* (1983), 98 Ill. 2d 187, 193, 455 N.E.2d 1385, 1388.) In *People v. Hatfield* (1987), 161 Ill. App. 3d 401, 514 N.E.2d 572, the court denied defendant's motion to dismiss the State's interlocutory appeal of the trial court's order granting defendant's motion *in limine* to suppress or exclude from evidence certain statements of witnesses:

> "We deny defendant's motion to dismiss this interlocutory appeal under Supreme Court Rule 604(a)(1) [citation]. The pretrial suppression order need not be premised on evidence illegally obtained; rather, it may concern evidentiary rulings regarding hearsay and relevancy where the prosecutor certifies to the

trial court, as was done here, that the suppression substantially impairs the prosecution." (*Hatfield*, 161 Ill. App. 3d at 404-05 514 N.E.2d at 574.)

We conclude that we have jurisdiction to consider the trial court's decision to prevent the State from admitting into evidence defendant's juvenile records to establish *modus operandi*.

The trial court's decision to exclude defendant's juvenile records was based on section 1—10 of the Juvenile Court Act of 1987. (Ill. Rev. Stat. 1989, ch. 37, par. 801—10). Section 1—10 provides in pertinent part:

> "Admissibility of evidence and adjudications in other proceedings. (1) Evidence and adjudications in proceedings under this Act shall be admissible:
> \*\*\*
> (b) in criminal proceedings when the court is to determine the amount of *bail, fitness of the defendant* or in *sentencing* under the Unified Code of Corrections; or
> (c) in proceedings under this Act or in criminal proceedings in which anyone who has been adjudicated delinquent under Section 5—3 is to be a *witness, and then only for purposes of impeachment* and pursuant to the rules of evidence for criminal trials." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 37, pars. 801—10(1)(b), (1)(c).

■ The plain language of sections 1—10(1)(b) and (1)(c) clearly prevents the State from admitting into evidence defendant's juvenile records to establish *modus operandi*. Therefore, the trial court's decision must be affirmed.

For the foregoing reasons, the State's appeal from the circuit court's ruling excluding the juvenile records for impeachment purposes is dismissed. The court's ruling excluding the records for *modus operandi* purposes is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.