**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210280-U

Order filed March 21, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellant, | ) | |
| v. | ) ) | Appeal No. 3-21-0280 Circuit No. 20-CF-70 |
| | ) | |
| JOHN MAGEE, JR., | ) ) | Honorable Kathy Elliott, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hettel and McDade concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The State's failure to certify its impairment to continue with the case requires dismissal.

¶ 2        The defendant, John Magee, Jr., filed a motion to quash arrest and suppress evidence, arguing that he was unlawfully and unreasonably searched. The court granted the motion, and the State appeals.

¶ 3                                    I. BACKGROUND

¶ 4        In February 2020, the defendant was charged with aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1)(3)(A) (West 2020)) and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)). The defendant filed a motion to quash arrest and suppress evidence.

¶ 5        The case proceeded to a hearing on the motion. The evidence at the hearing established that, on January 31, 2020, the defendant had a three-day pass from the nursing home he lived in to attend his birthday party in Kankakee. He was standing in front of the residence where the party was being held. Officer Demetrius Williams and Sergeant Jose Martinez were on patrol in a marked car in a "high crime area" when they observed the defendant and another man standing in front of the residence. They were not doing anything illegal. Martinez then shined a spotlight on the two individuals. The defendant put his hands in his pockets and walked quickly to the back of the residence. The officers saw the defendant bending down by a grill behind the residence through an opening in a fence. The defendant looked like he was reaching for something under the grill. The officers got out of the patrol car and walked toward the defendant. Martinez stated that he saw the defendant "making a throwing motion and [he] heard metal hitting metal." The defendant then walked towards the officers with his hands up. The officers asked the defendant if he lived at the residence, and he said he did not. Martinez shined his flashlight in the area and saw a gun on the ground near the grill. Martinez stated that it was next to an aluminum baseball bat, which he believed was the sound of metal he heard. Williams then pushed the defendant to the ground and arrested him.

¶ 6        The court granted the motion to quash arrest and suppress evidence, noting that caselaw stated that flight alone was not enough reason for the officers to follow the defendant, and that the officers did not provide any reason for their statement that this was a "high crime area." The State

filed a motion to reconsider, which was denied. The State said it "cannot prove it without it" and filed a notice of appeal. The State did not file a certificate of substantial impairment, nor did it certify in its notice of appeal that the suppression substantially impaired its ability to prosecute the case.

## II. ANALYSIS

On appeal, the State argues that the court erred in granting the defendant's motion to suppress.

At the outset, the defendant argues that we should dismiss this appeal as the State has failed to file a certificate of impairment and comply with Illinois Supreme Court Rule 604 (eff. July 1, 2017). The State did not file a reply brief to respond to the defendant's arguments, nor has it made a request for leave to supplement the record with the certificate. The State has brought its appeal pursuant to Illinois Supreme Court Rule 604(a)(1), which provides:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; suppressing evidence; from an order imposing conditions of pretrial release; from an order denying a petition to deny pretrial release; or from an order denying a petition to revoke pretrial release."

Our supreme court has interpreted this rule as allowing an interlocutory appeal by the State of a pretrial suppression order only when the prosecutor certifies that the suppression substantially impairs the State's ability to prosecute the case. *People v. Young*, 82 Ill. 2d 234, 247-48 (1980). The State has multiple options for such certification, including: filing a certificate of impairment

3

in the circuit court (*People v. Carlton*, 98 Ill. 2d 187, 193 (1983)), filing a certificate of impairment in the appellate court as a supplement to the record (*People v. Kantowski*, 98 Ill. 2d 75, 79 (1983)); filing a "certification of intent to appeal", which states that the case substantially impaired the States ability to prosecute the case (*People v. Williams*, 2020 IL App (3d) 180024, ¶¶ 19, 23); or certifying in its notice of appeal that the court's ruling "substantially impair[ed] [its] ability to prosecute" (*People v. Stevenson*, 2014 IL App (4th) 130313, ¶ 24). Further, this court has held that, as such a certification is required, such requirement cannot be "circumvented where the record 'clearly shows' that a suppression order substantially impaired the State's ability to prosecute the case." *Williams*, 2020 IL App (3d) 180024, ¶ 22.

¶ 10       Here, the State has failed to provide *any* certification of impairment, which is a prerequisite to an appeal under Rule 604(a)(1). Considering the many options that the State had to fulfill this requirement both in the trial court and on appeal (*supra* ¶ 9), this is unacceptable. We find that the State's mere statement in the circuit court that it "cannot prove it without it" is not enough. *See Williams*, 2020 IL App (3d) 180024, ¶ 22; *Stevenson*, 2014 IL App (4th) 130313, ¶ 24. Moreover, as the State has failed to provide any explanation or file a reply brief, it has forfeited any argument regarding this issue. We cannot consider the merits of the State's argument and must dismiss the appeal.

¶ 11                                    III. CONCLUSION

¶ 12       For the reasons stated, we dismiss the appeal.

¶ 13       Appeal dismissed.