THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JENNA R. HALSEY, Defendant-Appellee.

Fourth District   No. 4—94—0796

Opinion filed June 29, 1995.

Richard J. Ringhausen, State's Attorney, of Jerseyville (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court of Jersey County granting the motion of defendant Jenna Halsey to suppress results of a preliminary breath screening test (PBT) in her

prosecution for illegal consumption of alcohol by a minor. 235 ILCS 5/6—20 (West 1992).

Defendant was one of several young people stopped by Illinois State Police troopers as they left a party where alcohol was allegedly being consumed. She was a passenger in a vehicle driven by another young woman. She was given a PBT and registered 0.024. Her counsel filed a motion to suppress evidence and quash her arrest. It alleged that defendant had been subjected to an unlawful search and seizure by compelling her to submit to a PBT without having probable cause to believe she had committed an offense. It was also alleged that the portable device used by the officer was not approved by the Department of Public Health (Department), the officer was not certified by the Department, and the test was not conducted in accordance with the Department's established procedures. The motion further alleged that any breath samples obtained were not admissible at trial, pursuant to sections 11—501.1, 11—501.2, and 11—501.5 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.1, 11—501.2, 11—501.5 (West 1992)). Other allegations not pertinent to this appeal were also made.

At the hearing on the motion, Steve Waggoner, an Illinois State trooper, testified that he and other officers were alerted to a party in a field where alcohol was allegedly being consumed by minors. As the participants were leaving, he stopped the car in which defendant was riding. She told him she had not been drinking. He asked her to submit to a PBT. Had she refused, he still would have written her a ticket. Although he did not specifically remember detecting the odor of alcohol on defendant's breath, he must have done so because all the people he wrote tickets for had that odor on their breath. He admitted that his incident report did not mention any odor of alcohol on defendant's breath. Since 12 people were arrested that night, he did not go into that in his individual reports. Waggoner testified that he is licensed by the State to administer breath examinations. The machine he used is certified for accuracy. It was certified both before and after use and was accurate within 0.01, plus or minus. He used the machine in the manner in which he was trained.

At the conclusion of the hearing, the trial court denied the motion to quash the arrest, but suppressed the evidence of the PBT, finding that section 11—501.5 of the Code did not allow such evidence to be used by the State as an offensive weapon at trial. The State filed its certificate of impairment, and this appeal followed.

■ Section 11—501.5 of the Code now reads as follows:

"If a law enforcement officer has reasonable suspicion to believe that a person is violating or has violated Section 11—501 or a similar provision of a local ordinance, the officer, prior to an arrest,

may request the person to provide a sample of his or her breath for a preliminary breath screening test using a portable device approved by the Department of Public Health. The results of this preliminary breath screening test may be used by the law enforcement officer for the purpose of assisting with the determination of whether to require a chemical test as authorized under Sections 11—501.1 and 11—501.2, and the appropriate type of test to request. Any chemical test authorized under Sections 11—501.1 and 11—501.2 may be requested by the officer regardless of the result of the preliminary breath screening test, if probable cause for an arrest exists. The result of a preliminary breath screening test may be used by the defendant as evidence in any administrative or court proceeding involving a violation of Section 11—501 or 11—501.1." 625 ILCS 5/11—501.5 (West Supp. 1993).

The State argues that by its very terms, this statute applies only in cases of driving under the influence of alcohol (DUI) and can therefore have no application to other offenses. In support of this argument, the State relies upon *People v. Murphy* (1985), 108 Ill. 2d 228, 483 N.E.2d 1288, in which defendant was indicted for reckless homicide. She sought to suppress results of a blood-alcohol test, based upon section 11—501.2 of the Code. That section provides that in prosecutions of DUI or similar offenses, results of blood, breath, or urine tests are admissible. The section goes on to require that such tests be performed in accordance with standards promulgated by the Department. The trial court granted defendant's motion to suppress on the basis that the laboratory and technicians had not been certified by the Department. The appellate court affirmed. (*People v. Murphy* (1984), 124 Ill. App. 3d 695, 464 N.E.2d 853.) The supreme court reversed, holding that the statutory section limited the certification requirements to prosecution of DUI offenses. The court noted the legislature had recently amended the statute to expressly limit its application to DUI cases. Prior to the amendment, it applied to any proceeding arising from acts committed by an intoxicated person while driving a vehicle. Therefore, the test results of defendant's blood-alcohol content should have been received into evidence under the usual standards governing admissibility. *Murphy*, 108 Ill. 2d at 236, 483 N.E.2d at 1291.

In *People v. Keith* (1992), 148 Ill. 2d 32, 591 N.E.2d 449, defendant filed a motion seeking to bar results of a breath-alcohol test from evidence at his trial. He had been indicted on a reckless homicide charge, as well as for DUI. It was stipulated that the officer who had given defendant the test had died and his license to administer the test had expired prior to the time defendant took the test. The trial court suppressed the results of the test on the basis of a lack of

proper foundation. It found that only one set of standards, those of the Department, govern the admissibility of a breath-alcohol test. The appellate court agreed and affirmed. (*People v. Keith* (1990), 206 Ill. App. 3d 414, 564 N.E.2d 901.) The Supreme Court of Illinois affirmed the trial and appellate courts, finding that there was no evidence that the now deceased officer who administered the test properly performed the test or that he had the requisite knowledge to perform an accurate test at that time. Without this evidence, the State could not lay a proper foundation for the admission of the test results in the reckless homicide prosecution. However, the court also held that its decision in *Murphy* applied to a breath-alcohol analysis as well as to a blood-alcohol test and that the Department's standards for admissibility did not apply in a reckless homicide prosecution. The usual standards governing the admission of evidence apply to such tests. *Keith*, 148 Ill. 2d at 41, 591 N.E.2d at 453.

An opportunity for this court to consider the effect of section 11—501.5 of the Code arose in *People v. Rose* (1994), 268 Ill. App. 3d 174, 643 N.E.2d 865. There, defendant was charged with DUI and the trial court suppressed the results of a PBT at his trial. On appeal by the State, this court affirmed, specifically holding that PBT results are not admissible by the State during its case in chief in a criminal proceeding involving a DUI charge. In reaching this result, the court looked to the legislative history of the statute and the fact that the statute failed to provide that the State could use the results of the test, while stating that the results could be used by a defendant. The court also considered that because PBT devices are not approved as evidential devices by the Department, they could not possibly meet the standards of admissibility as set forth in section 11—501.2 of the Code. This court expressed no opinion whether PBT test results could be used by the State to rebut a defendant's testimony that he or she was not intoxicated if the proceeding did not arise out of an offense defined in section 11—501 of the Code (625 ILCS 5/11—501 (West 1992)). *Rose*, 268 Ill. App. 3d at 181-83, 643 N.E.2d at 870-72.

In the instant case, we are not concerned with standards of admissibility, as were the courts in *Murphy* and *Keith*. We know from those two cases that the usual standards of admissibility would apply to PBT results in non-DUI prosecutions. We hold that PBT results are admissible in evidence involving offenses not arising under section 11—501 or 11—501.1 of the Code. Thus, the trial court erred in suppressing evidence of defendant's PBT results. While PBT devices are less regulated than evidential devices (*Rose*, 268 Ill. App. 3d at 182, 643 N.E.2d at 871), no suggestion has been made that they are inherently unreliable. Evidence that is relevant to an issue in a

case should be admitted, provided a proper foundation is laid for its admission, unless its admission would contravene statutory law or some established rule of evidence. (See *Mueller v. Yellow Cab Co.* (1982), 110 Ill. App. 3d 504, 508, 442 N.E.2d 595, 598.) Here, defendant's PBT results tend to establish that she had consumed some amount of alcohol.

Defendant argues the State did not introduce evidence to show that the PBT results obtained from her met any of the accepted standards of evidence. However, the issue of reliability of the test was not raised before the court at the hearing on the motion. Therefore, any argument as to foundation has been waived for purposes of this appeal. See *Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 303, 443 N.E.2d 575, 577; *J.R. Sinnott Carpentry, Inc. v. Phillips* (1982), 110 Ill. App. 3d 632, 639, 443 N.E.2d 597, 603.

Accordingly, the order of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

KNECHT, P.J., and STEIGMANN, J., concur.